JS-6 / REMAND

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| OWB REO, LLC, | CASE NUMBER: |
|---|---|
| Plaintiff | CV 15-4006-DMG (JEMx) |
| v. | |
| JACQUALINE D. DAVIS, et al., | **ORDER REMANDING CASE TO STATE COURT** |
| Defendant(s). | |

The Court <u>sua sponte</u> **REMANDS** this action to the California Superior Court for the County of Los Angeles_____ for lack of subject matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" <u>Syngenta Crop Protection, Inc. v. Henson</u>, 537 U.S. 28, 32 (2002) (quoting <u>Great Northern R. Co. v. Alexander</u>, 246 U.S. 276, 280 (1918)).  Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction.  <u>Id.; Nevada v. Bank of America Corp.</u>, 672 F.3d 661, 667 (9th Cir. 2012); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); <u>Dennis v. Hart</u>, 724 F.3d 1249, 1252 (9th Cir. 2013).  The removing defendant bears the burden of establishing federal jurisdiction.  <u>Abrego Abrego v.</u>

1    Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67. "Under the plain

2    terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the

3    removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal

4    courts." Syngenta Crop Protection, 537 U.S. at 33. Failure to do so requires that the case be

5    remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must

6    remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346

7    F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district

8    court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is

9    "elementary that the subject matter jurisdiction of the district court is not a waivable matter and

10   may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua*

11   *sponte* by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2

12   (9th Cir. 1988).

13       From a review of the Notice of Removal and the state court records provided, it is evident

14   that the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

15    ☑   No basis for federal question jurisdiction has been identified:

16
17       ☐   The Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

18
19
20
21
22
23
24
25       ☑   Removing defendant(s) asserts that the affirmative defenses at issue give rise to federal question jurisdiction, but "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994). A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983).

26
27       ☑   The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California.

28

1  ☑ Diversity jurisdiction is lacking:

2
3  ☐ Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a).

4
5  ☐ The Complaint does not allege damages in excess of $75,000, and removing defendant(s) has not plausibly alleged that the amount in controversy requirement has been met. Id.; see Dart Cherokee Basin Operating Co., LLC v. Owens, No. 13-719, 2014 WL 7010692, at *6 (U.S. Dec. 15, 2014).
6

7  ☑ The underlying unlawful detainer action is a limited civil action that does not exceed $25,000.
8

9  IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the Superior

10  Court of California listed above, for lack of subject matter jurisdiction.

11  **IT IS SO ORDERED.**

12
13  Date:   June 2, 2015

14  United States District Judge

15
16
17
18
19
20
21
22
23
24
25
26
27
28

JACQUALINE D. DAVIS
928 EAST TUCKER STREET
COMPTON CA 90221

```
FILED
CLERK, U.S. DISTRICT COURT

MAY 2 8 2015

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

OWB REO LLC,

                              PLAINTIFF/PETITIONER,

        v.

JACQUALINE D. DAVIS, and DOES 1-5,

                              DEFENDANT(S).

CASE NUMBER

CV15-04006

REQUEST TO PROCEED
IN FORMA PAUPERIS WITH
DECLARATION IN SUPPORT

I, JACQUALINE D. DAVIS _____, declare under penalty of perjury, that the foregoing is true and correct; that I am the petitioner/plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefore, I state that because of my poverty I am unable to pay the costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1. Are you presently employed? ☐Yes   ☐No

    a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. _____

    _____

    b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. _____

2. Have you received, *within the past twelve months*, any money from any of the following sources?

    a.  Business, profession or form of self-employment?     ☐Yes   ☑No

    b.  Rent payments, interest or dividends?     ☐Yes   ☑No

    c.  Pensions, annuities or life insurance payments?     ☐Yes   ☑No

    d.  Gifts or inheritances?     ☐Yes   ☑No

    e.  Any other income (other than listed above)?     ☐Yes   ☑No

    f.  Loans?     ☐Yes   ☑No

If the answer to any of the above is yes, describe such source of money and state the amount received from each source during the past twelve (12) months: _____

_____

3. Do you own any cash, or do you have money in a checking or savings account? (Include any funds in prison accounts, if applicable.) ☐Yes  ☑No

If the answer is yes, identify each account and separately state the amount of money held in **each** account for each of the *six (6) months prior* to the date of this declaration.

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐Yes  ☑No

If the answer is yes, describe the property and state its approximate value: _____

_____

5. In what year did you last file an Income Tax return? <u>2013</u>

Approximately how much income did your last tax return reflect? <u>$20,000.00</u>

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

<u>n/a</u>

_____

_____

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury. I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

<u>CALIFORNIA</u>
State

<u>LOS ANGELES</u>
County (or City)

I, <u>JACQUALINE D. DAVIS</u>_____, declare under penalty of perjury that the foregoing is true and correct.

<u>5/28/15</u>
Date

_____
Plaintiff/Petitioner (Signature)